**UNITED STATES, Appellee,**

v.

**Charles D. JACOBS, Technical Sergeant, U.S. Air Force, Appellant.**

No. 95–0328.
Crim.App. No. 30368.

U.S. Court of Appeals for the Armed Forces.

Argued Feb. 3, 1998.

Decided July 10, 1998.

For Appellant: *Captain Harold M. Vaught* (argued); *Colonel Douglas H. Kohrt* (on brief); *Colonel Jay L. Cohen* and *Captain Robert E. Watson.*

For Appellee: *Lieutenant Colonel Michael J. Breslin* (argued); *Colonel Brenda J. Hollis* (on brief); *Colonel Jeffery T. Infelise.*

*Opinion of the Court*

EFFRON, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of 2 specifications of introducing marijuana onto a military aircraft with the intent to distribute, and 1 specification of introducing methamphetamine onto a military aircraft with the intent to distribute, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. Appellant was sentenced to a dishonorable discharge, confinement for 13 years, total forfeitures, and reduction to the grade of airman basic (E–1). The convening authority approved the sentence as adjudged. The Court of Criminal Appeals affirmed in an unpublished opinion.

Upon appellant's initial petition, we granted review and remanded the case for further consideration. 44 MJ 301 (1996). The Court of Criminal Appeals, on remand, affirmed in an unpublished opinion. We now consider whether the court below erred by failing to apply the "harmless beyond a reasonable doubt" test for prejudice after it concluded the military judge erred in admitting as a declaration against interest an oral statement provided by Staff Sergeant (SSgt) Mark A. Lawrence to the Office of Special Investigations (OSI).

## I

Appellant was involved in the sale of drugs while stationed at Clark Air Base, Republic of the Philippines. He arranged for marijuana and methamphetamines to be transported aboard military aircraft and sold for a profit.

During a drug transfer that went awry, SSgt Lawrence, one of appellant's cohorts, was arrested by agents of the Air Force OSI. After a rights advisement, SSgt Lawrence gave an oral statement, never reduced to writing, which was admitted in its entirety into evidence at appellant's trial as a "statement against penal interest." Mil.R.Evid. 804(3), Manual for Courts–Martial, United States (1995 ed.).

In our initial review of this court-martial, we remanded the case to the Court of Criminal Appeals for further consideration of whether the military judge erred in admitting a declaration against penal interest in light of the Supreme Court's decision in *Williamson v. United States,* 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994).

The Court of Criminal Appeals, on remand, found that, under the Supreme Court's test in *Williamson,* the first portion of SSgt Lawrence's statement was self-exculpatory and clearly inadmissible. The court concluded that the military judge erred in admitting the first portion of the statement over defense objection. The court then considered whether appellant's conviction for the relevant specification could stand in view of the error. After reviewing the elements of that specification and concluding that each was satisfied, the court decided that the remaining evidence, including taped conversations of appellant and the corroboration testimony of others, was sufficient to support a conviction. The court concluded that the erroneous admission of the first portion of SSgt Lawrence's statement was not prejudicial to appellant's substantial rights.

On appeal, both parties agree that the proper test for prejudice in this case is the "harmless beyond a reasonable doubt" standard. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Williams,* 40 MJ 216, 218 (1994). The defense contends that the record does not support a conclusion that the error was harmless beyond a reasonable doubt and points out that there was no reference to this standard in the opinion of the Court of Criminal Appeals.

## II

We agree with the parties on the proper standard of review. We note that our prior decision in this case did not expressly focus on the standard of review to be applied on remand, and we agree with appellant that the Court of Criminal Appeals did not state whether it used this standard in reaching its decision. Because it is unclear from the record whether the court below used the "harmless beyond a reasonable doubt" standard, we have reviewed the record of trial in this case and have performed our own analysis on this question of law. We conclude that there was sufficient evidence of appellant's guilt, excluding consideration of the improperly admitted evidence, to determine that admission of the statement was harmless beyond a reasonable doubt.

The military judge instructed the members that the prosecution had to show that appellant introduced 106.17 pounds of marijuana onto an aircraft under the control of the armed forces; that he knew that the substance was marijuana; that the marijuana was a controlled substance; that his act of introducing the marijuana onto the aircraft was done with intent to distribute the marijuana; and that the introduction was wrongful. Para. 37b(4), Part IV, Manual, *supra.*

There is overwhelming evidence that appellant knew the boxes contained marijuana and that he intended to distribute the substance. His own words, both in tape-recorded conversations and through the testimony of OSI agents, satisfactorily prove these two elements of the offense. There is no question that the marijuana was a controlled substance or that its introduction, if accomplished, was wrongful.

There was ample, credible evidence to prove that appellant introduced the marijuana onto an aircraft under the control of the armed forces. Taped conversations revealed

that appellant treated the marijuana as his to dispose of, using SSgt Lawrence as his agent. Testimony by appellant's roommate at the time established that appellant arranged for the marijuana to be sent aboard a military aircraft to Japan. Two undercover agents also implicated appellant in Japanese drug transactions.

Given this overwhelming evidence of appellant's guilt, the erroneous admission .of the first portion of SSgt Lawrence's statement was harmless beyond a reasonable doubt.

### III

The decision of the United States Air Force Court of Criminal Appeals on remand is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.